IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY,** ) | CASE NO. 1:11CV1082 |
| ) | |
| **Plaintiff,** ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| **BLAZE BUILDING CORPORATION,** ) | **AND ORDER** |
| **et al.** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on Plaintiff Liberty Mutual Insurance Company's ("Liberty Mutual") Motion for Summary Judgment (ECF #23) on its Complaint against Defendants Blaze Building Corporation ("BBC"), TRAX Contracting, Inc., f/k/a BCI Contracting, Inc., f/k/a Blaze Construction, Inc. (collectively, "BCI"), Phoenix Cement, Inc. ("Phoenix"), Ferris Kleem and Loriann Kleem ("Kleem") and John R. Mayer and Patricia R. Mayer ("Mayer").

The briefing on summary judgment demonstrates that issues of fact remain for a jury to decide. Accordingly, Liberty Mutual's Motion for Summary Judgment is DENIED.

### A. FACTS

This is an indemnity action in which Liberty Mutual seeks to recover monies it has paid to settle claims against surety bonds it issued in reliance upon an indemnity agreement signed by Defendants.

Plaintiff's business is the issuance of surety bonds. Surety bonds secure the performance

of people and companies to construct buildings, roads, and other projects. When issued, such bonds designate Plaintiff as the "Surety." The corporation secured by the bond (BBC and BCI) are designated on the bond as the "Principal." The person or entity in favor of whom the construction project is to be performed is the "Obligee."

Security bonds can be of two types. The first is a "performance bond," which, among other things, protects the Obligee against the Principal's failure to complete the construction project in accordance with plans and specifications. A "payment bond," on the other hand, protects the Obligee if the Principal fails to pay subcontractors, laborers, or materialmen according to applicable contracts.

As a condition precedent to the issuance of a bond, Liberty Mutual requires the bonded Principal, or people or entities affiliated with the Principal, to enter into indemnification agreements. These agreements assure repayment of any monies which Liberty Mutual is required to disburse in settlement of claims which the Obligee or others might assert against a Liberty Mutual bond. In a typical situation, Plaintiff issues a payment or performance bond; the Principal fails to perform according to the contract between Principal and Obligee; the Obligee claims damage and asserts a claim against the bond; Plaintiff then investigates the claim and, if the claim is found to be meritorious, settles the claim by paying the Obligee. After settling the claim, Liberty Mutual seeks repayment from the Principal of the settlement amounts. If the Principal does not reimburse Liberty Mutual, Liberty Mutual asserts a claim against the indemnitors seeking to recover from them the amounts paid to satisfy the claims asserted against the bond. If the indemnitors do not pay, Liberty Mutual sues them.

BBC, BCI and Phoenix are or were contractors in the construction industry. At times, BBC, BCI, and Phoenix were required to provide surety bonds to obtain construction contracts.

On July 21, 2002, BBC, BCI, Phoenix, the Kleems and the Mayers (collectively, "Indemnitors") entered into a General Agreement of Indemnity ("GAI") to induce Liberty Mutual to issue surety bonds. The Indemnitors agreed to "assume the obligations of Indemnitors . . ." with respect to any and all such bonds. Accordingly, the Indemnitors agreed to reimburse Liberty Mutual for claims against any surety bonds that Liberty Mutual might issue on behalf of the Principals, BBC, BCI, and Phoenix.

Thereafter, two of the defendant Indemnitors, BBC and BCI, asked Liberty Mutual to issue surety bonds to enable BBC and BCI to secure construction contracts with various public entities. Acting in reliance upon the GAI, Liberty Mutual did so. Specifically, Plaintiff issued the following surety bonds:

| Bond Number | Principal | Obligee |
| --- | --- | --- |
| 014018149 | BBC | Geneva Area School District |
| 014018175 | BBC | Cleveland State University |
| 014038993 | BBC | Painesville City Local School |
| 014039003 | BBC | State of Ohio, Ohio School Facilities Commission Jefferson Area Local School District Board |
| 014039014 | BBC | Liquid City School District Board of Education |
| 014039031 | BBC | Jefferson Area Local School District Board |
| 014039032 | BCI | City of Cleveland |
| 014039040 | BBC | Alstead Falls City School District |
| 014048486 | BBC | State of Ohio, Ohio Facilities Commission Cleveland Metropolitan School District |

The Obligees on the bonds issued by Liberty Mutual to BBC and BCI asserted claims against the surety bonds, claiming that the Principals' performance on the bonded projects was

deficient, or that the Principals failed to pay subcontractors or others in accordance with the contracts. Liberty Mutual notified Defendants of the claims by letters dated April 27, 2010 and May 14, 2010. Among other things, the letters remind Defendants of their obligations as Indemnitors, inform Defendants that Liberty Mutual expects to have to pay substantial sums to resolve the claims, and demand that Defendants deposit collateral with Liberty Mutual to be available to offset settlement payments.

Various Obligee claimants have filed suit against Liberty Mutual as a result of BBC or BCI's failure or refusal to fulfill performance or payment obligations on the bonded projects. Liberty Mutual hired a consultant and attorneys to respond to, investigate, defend against, and resolve the various claims.

When Liberty Mutual's outside counsel became involved Liberty Mutual asked Indemnitors on multiple occasions whether they had any defenses to Claimants' claims and the lawsuits. The Indemnitors did not provide Liberty Mutual with valid defenses. The Indemnitors also did not provide Liberty Mutual with the collateral requested to offset settlement payments. After investigating the asserted payment and performance bond claims, Liberty Mutual, in its capacity as Surety, settled many of them.

### B. LEGAL STANDARD

Summary judgment under Rule 56 is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show "that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed .R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists," and the court must draw all reasonable inferences in the light most

favorable to the nonmoving party. *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001). When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

With regard to the non-moving party's obligation to set out specific facts showing a genuine issue for trial, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007) (citation omitted). Rather, "Rule 56 allocates that duty to the opponent of the motion, which is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Id.*

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87. The Court's inquiry, therefore, asks whether reasonable jurors could find by a preponderance of the evidence that the non-moving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### C. ANALYSIS

Liberty Mutual now seeks recover the amounts it paid to Obligees on the BBC and BCI surety bonds, plus prejudgment interest, various costs, and attorneys' fees.

It appears to be undisputed that Defendants have an obligation under the GIA to indemnify Liberty Mutual for certain amounts paid in settlement of claims on the surety bonds,

and that prejudgment interest is proper on those amounts. However, multiple factual disputes remain concerning the total dollar amount of Defendants' indemnification obligation.

In response to Defendants' arguments raised in Opposition to summary judgment, Liberty Mutual appears to have reduced – for various reasons – its payment claim from $3,850,100.62 to $2,524,726.76, and its prejudgment interest claim from $221,613.04 to $148,541.05. Liberty Mutual claims to have changed its position on the amounts owed for purposes of clarity and to remove factual disputes, but has reserved the right to pursue certain portions of the disputed indemnification obligations in the future. Rather than create clarity and obliterate factual questions, Liberty Mutual's changing claim highlights that the amount of the indemnification obligation is uncertain and should be determined by a jury as Rule 56 requires. Once a jury determines the indemnification amount (if any), the Court will determine prejudgment interest as a matter of law.

As an additional matter, the Court denies at this time Liberty Mutual's request for a hearing to determine the amount of its reasonably incurred attorneys' fees, consultants' fees, expenses, and costs incurred for: (1) investigating, defending against, and resolving the bond claims, and (2) for prosecuting this indemnity action. While the GIA entitles Liberty Mutual to such reasonable costs and fees – a fact that Defendants do not appear to contest – the proper amount cannot be determined unless and until a jury decides an indemnification award (if any). If a jury awards indemnification to Liberty Mutual, a hearing will be set following trial for the Court to determine the amount of reasonable costs and fees incurred by Liberty Mutual.

### D. CONCLUSION

For the reasons stated, Liberty Mutual's Motion for Summary Judgment (ECF #23) is

DENIED. Trial remains on October 16, 2012 as scheduled in the Court's July 2, 2012 Trial Order (ECF #30).

IT IS SO ORDERED.

              s/Donald C. Nugent
              DONALD C. NUGENT
              UNITED STATES DISTRICT JUDGE

DATED: 8/6/2012